GENERAL ELECTRIC CREDIT CORPORATION OF GEORGIA, INC., PLAIN-
TIFF v. JOSEPHINE CHAPMAN BALL, DEFENDANT AND THIRD-PARTY PLAIN-
TIFF v. DURHAM LIFE INSURANCE CO., THIRD-PARTY DEFENDANT

No. 7828SC449

(Filed 3 April 1979)

**Uniform Commercial Code § 22— sale of mobile home—action by assignee—de-
fenses against original seller not waived**

> In an action by the assignee of a seller of a mobile home to recover the
> balance allegedly remaining on a retail installment sales contract, the trial
> court erred in entering summary judgment for plaintiff since the recital in the
> consumer credit sales contract that the assignee would not be responsible to
> the buyer for any breach of the contract was clearly superceded by the pro-
> visions of G.S. 25A-25(b), part of the Retail Installment Sales Act, which pro-
> vided that a buyer could assert against an assignee of seller any defenses
> available against the original seller; there was nothing in the record to
> establish that the assignee gave the buyer the notice required in G.S.
> 25A-25(b) so as to come under the exception contained therein; and the
> evidence thus did not establish that defendant waived her right to assert
> against the plaintiff's claim her defense of breach of the contract by the seller
> with respect to credit life insurance.

APPEAL by defendant from *Thornburg, Judge.* Judgment
entered 15 November 1977 in Superior Court, BUNCOMBE County.
Heard in the Court of Appeals on 27 February 1979.

This is a civil action instituted on 16 January 1976 wherein
plaintiff as the assignee of United Mobile Homes of America, Inc.,
a retail seller of mobile homes, seeks to recover $20,614.50, the
amount allegedly remaining on a retail installment sales contract
for the sale of a mobile home after defendant ceased making
payments on the contract. The defendant answered, denying the
material allegations of the complaint, and alleging as a "further
answer and defense" that at the time defendant purchased the
mobile home on 30 April 1974, she "executed a Retail Installment
Contract Vehicle Security Agreement, said Contract including a
charge in the amount of $1,087.50 for Credit Life Insurance
payable on the death of Defendant's husband;" that on 15 March
1975, defendant's husband and co-signer of the retail installment
contract died, and that she has made demand upon the plaintiff
for a title to the mobile home but that plaintiff has refused to
give her the title.

On 11 May 1976, plaintiff, pursuant to G.S. § 1A-1, Rule 56, moved for summary judgment. In support of its motion, plaintiff offered into evidence the retail installment sales contract, various exhibits, and defendant's answers to interrogatories, and requests for admission. In opposition to the motion for summary judgment, defendant offered affidavits and plaintiff's answers to interrogatories. All of these materials offered in support of and in opposition to the motion tended to show the following:

On 30 April 1974, the defendant accompanied by her husband, Leonard Lee Ball, his mother, and his brother, went to the trailer lot of United Mobile Homes for the purpose of buying a mobile home. During the negotiations for the purchase of a mobile home, the defendant's husband related to the salesman "certain facts surrounding his heart condition and stated that under no circumstances would they purchase a mobile home unless credit life insurance was available." The salesman responded that "credit life insurance was available and had been approved." The defendant and her husband, relying "upon these further assurances, particularly the assurances that credit life insurance was now in full force and effect" executed the sales contract.

The contract contained a cash price for the mobile home of $10,536.60, and the defendant made a cash down payment of $2,000.00. A charge of $1,072.75 for property insurance and $1,087.50 for credit life insurance was included, bringing the total amount financed to $10,696.85. A finance charge of $11,444.65 was added, making the total of the payments required under the contract $22,141.50.

With regard to insurance coverage, the contract contained the following provisions:

4. Other Charges

    A. Insurance Charges (Note: Coverage   Expiration Date
       expires on date shown under "Ex-    (mo, day, year)
       piration Date". No coverage unless
       box is checked and cost is included
       in Total Other Charges).

(1) Property Insurance

| | | |
|---|---|---|
| _X_ Fire, Theft and Combined additional coverage. | $ _____ | 4/30/81 |
| _X_ or Comprehensive............ | $ 761.25 | 4/30/81 |
| ____ Mobile Homeowners Coverage ........... | $ _____ | _____ |
| ____ Vendor's Single Interest Protection........... | $ 70.00 | 4/30/81 |
| (2) _X_ $3,000 ........ | $ 241.50 | 4/30/81 |
| (3) Total Property Insurance (1) plus (2)... | $1,072.75 | |
| (4) _X_ Credit Life*... | $1,087.50 | 5/30/86 |

*CREDIT LIFE INSURANCE OPTION: The Buyer whose signature appears in this box elects decreasing term life insurance on the life of the person designated as the proposed insured (initial coverage in the amount of the Total Payments hereunder or, if less, in the amount of $ . . . . in either instance in proportion with the indebtedness hereunder). Buyer understands and acknowledges that such insurance was not required as a condition of the extension of credit by the Seller and Buyer's decision to purchase such insurance was voluntarily made after the disclosure of its cost of $1,087.50 for the term shown below.

PERSON DESIGNATED AS PROPOSED INSURED Leonard Lee Ball
AGE 36 Date 4/30/74 Signature of Buyer Leonard Lee Ball

The retail installment contract was thereafter assigned to the plaintiff, and when it accepted assignment of the contract, the plaintiff paid $1,087.50 to Durham Life Insurance Company, which represented the premium for credit life insurance for defendant's husband. The plaintiff "has received a refund of $1,087.50 and is presently holding the same for the benefit of the defendant."

On 29 August 1974, United Mobile Homes sent a letter to the defendant's husband, which stated in pertinent part:

Dear Mr. Ball:

This letter is to confirm our telephone conversation of August 1974, at which time I informed you of the following:

1. Due to the reason of your disability (heart condition) Credit Life Insurance coverage cannot be written.

2. The premium of $1,087.50 charged to you on the conditional sales contract is being credited to your account with General Electric Credit Corp. This does not release you from your monthly payment obligation; it simply means that your contract will pay out early, providing you maintain a current payment status.

Mr. Ball, in order to keep the contract intact, I would appreciate your indication of acknowledgement and acceptance of the above by signing your name on the dotted line.

Plaintiff requested that defendant admit that the signature which appeared on the letter was that of her husband. Defendant responded that she was "not qualified to express an expert opinion as to the genuineness of the purported signature of Leonard Lee Ball" appearing on the letter. The defendant did not know that her husband had mailed this letter to United Mobile Homes.

After a hearing on plaintiff's motion, the court entered summary judgment on 15 November 1977 in favor of the plaintiff "in the amount of $12,632.02 which represents the payoff to the plaintiff after all the applicable credits have been made on behalf of the defendant." Defendant appealed.

*McLean, Leake, Talman, Stevenson & Parker, by Joel B. Stevenson, for the defendant appellant.*

*Richard M. Pearman, Jr., for plaintiff appellee.*

HEDRICK, Judge.

At the outset, we note that this case involves a "consumer credit sale" within the meaning of G.S. § 25A-2, and thus the provisions of Chapter 25A entitled "Retail Installment Sales Act" are applicable.

The provisions of G.S. § 25A-25(b) in effect when the transactions giving rise to this case occurred, are as follows:

(b) In a consumer credit sale, a buyer may assert against the seller, assignee of the seller, or other holder of the instrument or instruments of indebtedness, any defenses available against the original seller, and the buyer may not waive these defenses in connection with a consumer credit sale transaction, except that in a consumer credit sale of personal property, the buyer shall be considered to have waived his defenses against an assignee of the seller who acquires the instrument or instruments of indebtedness in good faith and for value, if the buyer, following delivery of the property and after receiving from the assignee separate written notice of the waiver and the assignment containing the name and address of the assignee, fails for 30 days to notify the assignee of any defense against the seller; provided, however, a buyer may not waive defenses for fraud in the inducement or for failure of consideration.

With regard to the assignment in the present case, the retail installment contract contains the following printed form provisions at the top of the first page:

"*NOTE*: It is anticipated that this contract, when fully completed and signed, will be submitted to *General Electric Credit Corporation of Georgia*; 88 Johnson Ferry Road, Atlanta, Georgia 30324 (GECC), or its local branch office for purchase and, if approved, that it will be assigned to GECC."

At the bottom of the first page, next to the buyer's signatures, the contract states: "ACCEPTED: The foregoing contract is hereby assigned under the terms of the Assignment on the reverse side. United Mobile Homes of America, Inc. (seller)." The signature of James L. Cavenaugh, as Treasurer of United Mobile Homes, appears beneath the above provision. The reverse side of the contract contains the following provision: "If Seller assigns this agreement, he shall not be assignee's agent for any purpose. Buyer agrees that acceptance of an assignment of this contract shall not impose upon assignee any obligation or any liability for breach of this contract."

The recital in the consumer credit sales contract that the assignee shall not be responsible to the buyer for any breach of the contract is clearly superceded by the provisions of G.S. § 25A-25(b). There is nothing in this record to establish that the

assignee gave the buyer the notice required in G.S. § 25A-25(b) so as to come under the exception contained therein. Thus, the evidence does not establish that defendant waived her right to assert against the plaintiff's claim any defenses that she could assert against the seller. Indeed, the defendant has attempted to assert against plaintiff's claim seller's breach of the contract with respect to credit life insurance. At this stage of the proceedings, we are unable to forecast what course the case will take when the evidence regarding the buyer's defenses is more fully developed and is considered in light of the legal principles set out in G.S. § 25A-25(b). From this record, however, we are unable to say that the plaintiff, as the movant for summary judgment, has met its burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.

Reversed and remanded.

Judges PARKER and CARLTON concur.